1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12

13

14

JISU CHA, JAEHYUN KIM, and
JUN-HYUN KIM, Individually and as
successors-in-interest to JIHUN KIM,
Decedent,

15

Plaintiffs,

16

v.

17

18

HIOSSEN, INC., a Pennsylvania
Corporation; WILLIAM E. SHIN aka
EUN HO SHIN, an individual, and
DOES 2-30,

19

Defendants.

20

21

Case No. 2:23-cv-00691-WLH-PD

**ORDER RE PLAINTIFFS' MOTION
TO REMAND [33] AND
DEFENDANT HIOSSEN, INC.'S
MOTION TO DISMISS [20]**

22

23

24

25

26

27

28

Neither party filed a written request for oral argument stating that an attorney
with five years or less of experience would be arguing the matter.  *See* Standing Order
for Newly Assigned Civil Cases at 15.  Further, pursuant to Federal Rule of Civil
Procedure 78 and Local Rule 7-15, the Court has deemed this matter suitable for
decision without oral argument.  Accordingly, the hearing set for July 14, 2023, at 10
a.m. is **VACATED**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND

On May 19, 2022, Decedent Jihun Kim ("Kim") suffered a fatal heart attack as he drove away from his home in Los Angeles County, California.  (First Am. Compl. ("FAC"), Docket No. 17 ¶¶ 1, 16).  Kim was 54 years old when he died.  (*Id.* ¶ 21).  At the time of his death, Kim had worked for Defendant Hiossen, Inc. ("Hiossen"), a seller and distributor of dental products, for 13 years as a salesman and regional director of sales.  (*Id.* ¶¶ 16, 18).  For approximately four to five years before his death, Kim worked more than 65 hours per week for Hiossen.  (*Id.* ¶ 26).

On December 27, 2022, Plaintiffs Jisu Cha, Jaehyun Kim, and Jun-Hyun Kim—respectively, Kim's surviving spouse, daughter, and son—filed this suit in the Superior Court of California as successors-in-interest to Kim.  (Notice of Removal, Docket No. 1, Exh. A).  In their initial complaint (the "Complaint"), Plaintiffs named only Defendant Hiossen and alleged eleven causes of action, including two claims for wrongful death; one claim for intentional infliction of emotional distress; one claim for survival; one claim for breach of contract; one claim for unfair business practices under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and five claims for violations of the California Labor Code for failure to pay overtime and earned wages, to provide meal and rest breaks, and to reimburse expenses.  (*Id.*).  The crux of Plaintiffs' allegations is that Hiossen caused Kim's death by overworking him and that Hiossen owed Kim, and now owes his successors, backpay for various violations of the California Labor Code.  (*Id.*).  On January 30, 2023, Hiossen, which is incorporated in Pennsylvania, removed the case to federal court under diversity jurisdiction.  (*Id.* at 1).

On February 2, 2023, counsel from both sides met and conferred regarding a potential motion to dismiss.  (*See* Mot. to Dismiss, Docket No. 20 at 9; Opp'n to Mot. to Dismiss, Docket No. 22 at 11-12).[1]  In the original Complaint, Plaintiffs alleged

---

[1] For ease of reference, the Court refers to the ECF-stamped page numbers on each

that Kim spent "approximately 45% of his [working] time on outside sales, and approximately 55% performing work, including sales work" at the Hiossen office or his own home office. (Notice of Removal, Exh. A ¶ 16). The Complaint also stated that Kim spent "approximately 70%" of his working time "performing sales or sales related tasks" and "[l]ess than 30%" of his time on "administrative and managerial tasks." (*Id.* ¶¶ 23, 56). During their meet and confer, the parties agreed that Plaintiffs would "generally amend" and refile the Complaint so long as Plaintiffs clarified the breakdown of Kim's duties in the amendment. (Mot. to Dismiss at 9; Opp'n to Mot. to Dismiss at 5-6). The parties stipulated to Plaintiffs' amendment of the Complaint. (*Id.*).

Plaintiffs filed the FAC on February 28, 2023. (*See* FAC). The FAC differs from the original Complaint in several material ways. First, Plaintiffs added two claims, one for misclassification as an exempt employee and another for failure to provide accurate wage statements. (*Id.*). Second, Plaintiffs added William E. Shin aka Eun Ho Shin ("Shin"), an executive director at Hiossen and a citizen of California, as a defendant. (*Id.*). Third, Plaintiffs' breakdown of Kim's duties changed considerably. The FAC states that Kim spent "approximately 20 to 35%" of his time on outside sales work and "approximately 65 to 80%" of his time on non-outside sales work. (*Id.* ¶ 16). It also states that "[a]lthough his job title was 'regional director,' more than 70 to 85% of his work involved non-executive and non-administrative tasks." (*Id.*).

Hiossen filed its Motion to Dismiss on March 14, 2023. (Mot. to Dismiss). On April 26, 2023, Plaintiffs filed a Motion to Remand the action to state court for lack of federal subject matter jurisdiction, given that Plaintiffs and newly-added Defendant Shin share California citizenship. (Mot. to Remand, Docket No. 33). For the reasons below, the Court **DENIES** Plaintiffs' Motion to Remand and **DENIES** in part and

filed document and disregards the parties' pagination.

1    **GRANTS** in part Defendant's Motion to Dismiss without leave to amend.

2    ## II.    MOTION TO REMAND

3    The Court first addresses Plaintiffs' Motion to Remand.

4    A. <u>Legal Standard</u>

5    Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears

6    that the district court lacks subject matter jurisdiction, the case shall be remanded."

7    When a case is grounded in state law, as this one is, subject matter jurisdiction rests on

8    diversity of citizenship between every plaintiff and every defendant.  28 U.S.C.

9    § 1332.  Normally, then, shared citizenship between a plaintiff and a defendant would

10   automatically trigger remand to state court.  The calculus is different, however, where

11   a plaintiff seeks to add a diversity-destroying defendant *after* the case has been

12   removed to federal court.  28 U.S.C. § 1447(e).  In those circumstances, the court has

13   discretion to either "deny joinder, or permit joinder and remand the action to the State

14   court."  *Id.*

15   Courts consider several factors when determining whether joinder of a non-

16   diverse defendant is merited under § 1447(e), including: "(1) whether the party sought

17   to be joined is needed for just adjudication and would be joined under Federal Rule of

18   Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing

19   of a new action against the new defendant should the court deny joinder; (3) whether

20   there has been unexplained delay in seeking the joinder; (4) whether the joinder is

21   solely for the purpose of defeating federal jurisdiction; and (5) whether the claim

22   against the new party seems valid."  *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082

23   (C.D. Cal. 1999); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D.

24   Cal. 2002) (considering these five factors as well as potential prejudice to plaintiff);

25   *Mutti v. Rite Aid Corp.*, No. CV-14-01593-MWF (EX), 2014 WL 12771117, at *6

26   (C.D. Cal. Apr. 22, 2014) (same).

27

28

B. Discussion

Plaintiffs did not mention Shin in their first Complaint.  With the FAC, Plaintiffs added Shin to three of their thirteen claims: the first cause of action for wrongful death caused by serious, willful, and malicious misconduct (FAC at 12); the third cause of action for intentional infliction of emotion distress (*Id.* at 15); and the fourth cause of action for survival (*Id.* at 16).  As far as factual allegations, Plaintiffs added one paragraph to the FAC alleging, in short, that Shin caused Kim's team members "to swear allegiance to Shin and alienate and defy Kim," falsified the performance records of a below-average employee, and caused team members to leave the company, leaving Kim "to work extra hours to compensate for the loss." [2]  (*Id.* ¶ 38).

      i.    *Shin is not a necessary party.*

Under Rule 19(a), a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may… impair or impede the person's ability to protect

---

[2] The full allegation is as follows: "Defendant [Shin], the Executive Director of Hiossen West, intentionally and continuously mistreated Decedent Kim by using his superior position to conspire against him and alienate him, causing extreme distress to Kim. Shin deliberately enticed Kim's team members, including his branch managers, to swear allegiance to Shin and alienate and defy Kim, making work extremely difficult for Kim. For example, Shin directed Kim's teammates to 'line up under Shin', and not Kim. Shin falsely promised rewards to those who 'lined up' under him. And, at times, he gave unfair advantage to those who 'lined up' under him, to the disadvantage of Kim. For example, Shin falsified one of Kim's branch manager's performance records to reward him as a high performing employee when his performance was below average. As a result of Shin's 'favoritism' towards his 'followers' and conspiracy to alienate Kim, Hiossen/Decedent Kim lost some of its salesmen to Hiossen's competitor company. Decedent Kim had to work extra hours to compensate for the loss and re-organize and re-group his sales team. Defendant Shin's intentional and repeated conduct, in conscious disregard for Kim's wellbeing, made Kim's work extremely difficult and added stress to Mr. Kim, contributing to his emotional distress, physical harm, and eventually, his untimely death."  (FAC ¶ 38).

the interest" or cause an existing party to incur multiple and/or inconsistent obligations.  Fed. R. Civ. P. 19.

Shin has none of these characteristics.  In fact, "courts have regularly determined that joinder of non-diverse supervisors is *not* required in… cases where the supervisors only acted within the scope of their employment," because complete relief can be accorded under a *respondeat superior* theory.  *Jackson v. Dollar Tree Distribution, Inc.*, No. CV 18-2302 PSG (SKX), 2018 WL 2355983, at *4 (C.D. Cal. May 23, 2018) (emphasis in original) (citing *Calderon v. Lowe's Home Centers, LLC*, No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015); *Christopher v. The Neiman Marcus Grp., LLC*, No. 216CV06309ODWKSX, 2017 WL 374903, at *3 (C.D. Cal. Jan. 26, 2017); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014); *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1174 (E.D. Cal. 2011), *aff'd in part*, 604 F. App'x 545 (9th Cir. 2015)).  Plaintiffs argue that Hiossen cannot be held liable for Shin's actions under a *respondeat superior* theory because "Shin's conduct was malicious and substantially deviated from the scope of his employment…."  (Mot. to Remand, Docket No. 33 at 8).  But in the FAC, Plaintiffs allege that "at all times herein mentioned each of the Defendants… was acting as the agent, principal, employer, employee, partner, joint venturer, affiliate, subsidiary, co-conspirator and/or alter ego of each of the remaining Defendants" and that each Defendant acted "within the course and scope of such agency, employment, partnership, venture, affiliation and/or conspiracy…."  (FAC ¶ 10).

Moreover, if Plaintiffs cannot recover under a *respondeat superior* theory, Shin and Hiossen could still be found jointly and severally liable for the three claims against them both.  "It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."  *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990); *see also Countrywide Home Loans, Inc. v. Superior Ct.*, 69 Cal.

App. 4th 785, 796 (1999) (holding the same under California law).  The Court is unpersuaded by Plaintiffs' argument that Shin must be joined "for Plaintiffs to properly apportion liability" between the two alleged tortfeasors.  (Reply, Docket No. 41 at 9).  Plaintiffs may still subpoena Shin to testify at trial.  *Cf. Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) (affirming district court finding that denying joinder of non-diverse defendant would not unduly prejudice plaintiff because plaintiff could subpoena that person to testify); *Hardin*, 813 F. Supp. 2d at 1174 (finding that "[p]laintiff would not suffer any prejudice if [plaintiff's supervisor] is not a named defendant" because the supervisor was "still available as a witness subject to subpoena under Fed. Rule Civ. P. 45").  Therefore, this factor weighs against joinder and remand.

        ii.     *The statute of limitations would not bar a state action against Shin.*

        The parties agree that the statute of limitations would not bar a state action against Shin.  This factor therefore weighs against joinder and remand.

        iii.     *There is an unexplained delay in seeking joinder.*

        There is no question that this case is still in its early stages.  Additionally, Plaintiffs filed the FAC just two months after filing their original Complaint, and only after jointly stipulating with Hiossen to an amendment.  These details support a finding that there was no unexplained delay in Plaintiffs' filing of the FAC.

        Plaintiffs' explanation for why they did not join Shin earlier, however, is murky at best.  According to both parties, Plaintiffs did not tell Defendants that they would add Shin to the FAC before the parties stipulated to an amendment.  (*See* Reply at 3-4; Opp'n at 17).  Initially, Plaintiffs claimed that the delay occurred because "[d]uring additional informal discovery, Plaintiffs and Plaintiffs' counsel determined that it was necessary to pursue claims against Mr. Shin at this time as the claims against Defendant Shin involved the same nucleus of operative facts…." (Reply at 4).  Plaintiffs do not explain, however, what new information was brought to light that

was unknown when they filed the original Complaint. *Cf. Mutti*, 2014 WL 12771117, at *9 (denying remand in part because there was "no indication that Mutti would not have been aware of a possible claim against [the newly-joined defendant] when he filed his original Complaint"). Later, Plaintiffs explain the delay by stating that "it was a difficult decision for Mrs. Cha to add Defendant Shin to this lawsuit as she had a personal acquaintance with [Shin] but she had no other choice." (*Id.*). Again, Plaintiffs do not explain what new developments led Mrs. Cha to believe "she had no other choice" only after the case was removed.

Plaintiffs inadequately explain the delay in adding Shin as a defendant. This factor therefore weighs against joinder and remand.

iv.   *Shin appears to have been added solely for the purpose of destroying diversity.*

In addition to the above, the FAC's addition of Shin as a defendant appears to have been motivated by Plaintiffs' desire to destroy diversity. The factual allegations in the FAC are very similar to those in the original Complaint; Plaintiffs inserted just a single paragraph of allegations regarding Shin's actions, and they added a sentence alleging that he is a California citizen. (*See* FAC ¶¶ 38, 7). When an amended complaint joining a non-diverse defendant is substantially similar to the original, and the amendment adds only minimal factual allegations against the new defendant, it raises the strong suspicion that the sole purpose for the amendment is to destroy diversity. *See Clinco*, 41 F. Supp. 2d at 1083 (determining that motive for joinder was to destroy diversity in part because "the original and first amended complaints are substantially similar"); *Mutti*, 2014 WL 12771117 (same). This factor therefore also weighs against joinder and remand.

v.   *The claims against Shin are weak*.

As discussed, Plaintiffs add Shin to three causes of action, all of which are also alleged against Hiossen: the first claim for wrongful death, the third claim for

8

1  intentional infliction of emotional distress, and the fourth claim for survival.  The

2  validity of these causes of action are discussed further below.  In short, Plaintiffs

3  cannot recover against Shin for either wrongful death or intentional infliction of

4  emotional distress because the Workers Compensation Act provides the exclusive

5  remedy for those claims.  *See* Section III.B.i, *infra.*  Additionally, Plaintiffs cannot

6  recover against Shin for survival because survival is not an independent cause of

7  action under California law.  *See* Section III.B.ii, *infra*.  This factor therefore heavily

8  disfavors joinder.

9      Because all five factors weigh against joinder, all claims against Defendant

10  William E. Shin aka Eun Ho Shin are **DISMISSED**, and the Motion to Remand is

11  **DENIED**.

12      **III.   MOTION TO DISMISS**

13      Because the Court has determined that the case may not be remanded, it next

14  considers Hiossen's Motion to Dismiss.

15      A. Legal Standard

16      Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to

17  dismiss for failure to state a claim upon which relief can be granted.  A complaint may

18  be dismissed for failure to state a claim for one of two reasons: (1) lack of a

19  cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.  *Bell*

20  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mendiondo v. Centinela*

21  *Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

22      "To survive a motion to dismiss, a complaint must contain sufficient factual

23  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

24  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A

25  claim has facial plausibility when the plaintiff pleads factual content that allows the

26  court to draw the reasonable inference that the defendant is liable for the misconduct

27  alleged."  *Id.*  In determining whether a complaint meets that standard, "the reviewing

28

1   court must accept plaintiff's allegations as true and construe them in the light most

2   favorable to the plaintiff." *Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002).

3   The court is not required to accept as true legal conclusions couched as factual

4   allegations.  *See Iqbal*, 556 U.S. at 678.

5           B. <u>Discussion</u>

6           Hiossen moves to dismiss ten of the thirteen claims in the FAC.  (*See* Mot. to

7   Dismiss at 18).  The Court **GRANTS** Hiossen's Motion to Dismiss regarding the first

8   and second claims for wrongful death, the third claim for intentional infliction of

9   emotional distress, and the fourth claim for survival, without leave to amend.  The

10  Court **DENIES** Hiossen's Motion as to claims five through eight, ten, and twelve for

11  violations of the California Labor Code.

12       i.       *Claims one through three are precluded by the Workers' Compensation Act.*

13          The California's Workers' Compensation Act ("WCA"), Cal. Lab. Code § 3600

14  *et seq.*, provides the exclusive remedy for work-related injury, with few exceptions.

15  *See, e.g., Argonaut Ins. Co. v. Superior Ct.*, 164 Cal. App. 3d 320, 323 (1985) ("It is

16  generally accepted that when a person sustains a work-related injury, the workers'

17  compensation system provides the exclusive remedy."); *Charles J. Vacanti, M.D., Inc.

18  v. State Comp. Ins. Fund*, 24 Cal. 4th 800, 813 (2001) (stating that "the liability of

19  employers and insurers for industrial injury which results in occupational disability or

20  death is limited to workers' compensation remedies").  California Courts consistently

21  hold that work-related claims for intentional infliction of emotional distress and

22  wrongful death caused by employer conduct are barred by the WCA.  *See, e.g., Yau v.

23  Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161 (2014) (intentional infliction

24  of emotional distress claim barred by WCA); *Cole v. Fair Oaks Fire Prot. Dist.*, 43

25  Cal. 3d 148, 160 (1987) (same); *Melendrez v. Ameron Internat. Corp.*, 240 Cal. App.

26  4th 632, 641 (2015) (WCA barred claim for wrongful death against decedent's former

27  employer).  Here, Plaintiffs allege that Kim's working conditions at Hiossen caused

28

severe emotional distress for Kim and led to a premature death.  (FAC ¶¶ 21, 52).

Under the facts of the FAC, then, Kim's injuries were work-related.  The claims for

wrongful death and intentional infliction of emotional distress are therefore

**DISMISSED** without leave to amend because they are barred by the WCA.

    ii.    *"Survival" is not a standalone cause of action.*

Under California law,

> a survival claim is not a new cause of action that vests in heirs on the death of the decedent, but rather is a separate and distinct cause of action which belonged to the decedent before death but, by statute, survives that event; the survival statutes do not create a cause of action, but merely prevent abatement of a cause of the injured person and provide for its enforcement by or against the personal representative of the deceased.

*Medrano v. Kern Cnty. Sheriff's Officer*, 921 F. Supp. 2d 1009, 1016 (E.D. Cal. 2013)

(citing *Grant v. McAuliffe*, 41 Cal.2d 859, 864 (1953); *Quiroz v. Seventh Ave. Center*,

140 Cal. App. 4th 1256, 1264–65 (2006)).  In other words, a "survival" action is one

that a decedent might have brought before death and that passes to the decedent's

successors-in-interest.  *See, e.g.*, *J.G. v. City of Colton*, No. 5:18-CV-02386-RGK-SP,

2019 WL 4233582, at *2 (C.D. Cal. July 1, 2019) (under California survival statutes,

"an injured party's cause of action is not lost by reason of the person's death and can

be brought by the decedent's successor-in-interest"); *Brenner v. Universal Health

Servs. of Rancho Springs, Inc.*, 12 Cal. App. 5th 589, 605 (2017) (widow, as

representative of decedent's estate, might have "survival" standing to bring claim for

violation of California Health & Safety Code).

        Plaintiffs do not dispute this in their opposition.  Plaintiffs' claim for survival is

therefore **DISMISSED** without leave to amend.

    iii.    *Whether Kim was exempt from the California wage and hour laws is uncertain, precluding dismissal of the wage and hour claims.*

        Hiossen moves for dismissal on all of Plaintiffs' wage and hour claims under

the California Labor Code on the basis that Kim was an exempt employee.  In

California, certain types of work are exempted from the Labor Code's wage and hour requirements. Cal. Lab. Code § 515(a). Employees who spend more than 50% of their working time are classified as "exempt." *Id.* "Exempt" work includes administrative and managerial work. *Id.*; *see also Haynes v. Home Depot USA, Inc.*, 800 F. App'x 480, 483 (9th Cir. 2020) (discussing managerial work exemption). "Outside" salespeople—those who spend more than half of their working time "engaged in sales activities outside the workplace"—are also exempt. Cal. Lab. Code § 1171; Cal. Code Regs., tit. 8, § 11070, subd. 2(J); *see also Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 789 (1999) (interpreting the "outside salesperson" exemption).

As discussed above, the original Complaint states that Kim spent "approximately 45% of his [working] time on outside sales," and "[l]ess than 30%" of his time on "administrative and managerial tasks." (Notice of Removal, Exh. A ¶¶ 16, 23, 56). Plaintiffs now state in the FAC that Kim spent "approximately 20 to 35%" of his time on outside sales work, and that "more than 70 to 85% of his work involved non-executive and non-administrative tasks." (FAC ¶ 16).

Hiossen argues that Plaintiffs' FAC improperly contradicts their original Complaint, and that the new estimates should therefore be stricken. (Mot. to Dismiss at 15-17). Hiossen also argues that adding the original estimates of 45% outside sales work and "less than 30%" administrative and managerial tasks leads to the conclusion that Kim spent more than half of his time on exempt tasks. (*Id.*).

Plaintiffs attempt to explain the inconsistencies by stating that the new figures were meant to clarify the time Kim spent on exempt activities. (Opp'n to Mot. at 10-11). Plaintiffs state that the 45% "'outside sales' time included a mixture of sales and non-sales tasks," and that the FAC "separates out the 45% of 'outside sales' time into true outside sales time which may qualify as exempt work and the time rendering services and other non-sales work." (*Id.*).

While Plaintiffs argue that courts "accept inconsistencies when the inconsistency is explained" by new factual discoveries, Plaintiffs frustratingly do not explain what new facts they discovered that led them to change the percentages in the FAC.  (*See id.* at 18 (citing *Williams v. Yamaha Motor Corp., U.S.A.*, 106 F. Supp. 3d 1101, 1116-17 (C.D. Cal. 2015) (court did not accept inconsistency where plaintiffs did not explain discovery of new facts)).

Nevertheless, the Court cannot strike the allegations in the FAC.  The Ninth Circuit has held that "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations." *PAE Government Services, Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007); *see also Steward v. Pfeiffer*, No. 20-15804, 2020 WL 13662497, at *1 (9th Cir. Sept. 17, 2020) (quoting *PAE*).  Even where an explanation is lacking, "[u]nless there is a showing that the party acted in bad faith… inconsistent allegations are simply not a basis for striking the pleading." *PAE*, 514 F.3d at 860. No such showing has been made here.  Moreover, even if the Court *could* strike the allegations in the FAC and considered only the percentages provided in the original Complaint, 45% outside sales work and "less than 30%" of administrative and managerial work does not necessarily lead to the conclusion that Kim spent more than half of his time engaged in exempt activities.

Because the propriety of Kim's status as an exempt employee is an open question, the Court will not dismiss Plaintiffs' wage and hour claims.  Hiossen's Motion to Dismiss is therefore **DENIED** as to claims five through eight, ten, and twelve.

//

//

//

//

13

## IV.    CONCLUSION

Plaintiffs' Motion to Remand is **DENIED**.  Hiossen's Motion to Dismiss is **GRANTED** as to claims one through four without leave to amend.  Hiossen's Motion to Dismiss is **DENIED** with respect to all other claims.

**IT IS SO ORDERED.**

Dated:  July 12, 2023

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

14